United States District Court
District Of Maine

John Doe, M.D.,

    Plaintiff,

v.

MaineGeneral Medical Center, et al.

    Defendants.

No. 1:24-cv-00220-NT

### Plaintiff's Motion To Proceed By Pseudonym Temporarily

Plaintiff seeks leave to use a pseudonym for his name in this action temporarily until he exhausts efforts at an early settlement and Defendants file their Answers when the appropriateness of the pseudonym can be reevaluated by the Court.[1] Plaintiff relies on the precedents of the First Circuit recognizing "four general categories of exceptional cases in which party anonymity ordinarily will be warranted." *Doe v. Town of Lisbon*, 78 F.4th 38, 46 (1st Cir. 2023) (quoting *Doe v. MIT*, 46 F.4th 61, 71 (1st Cir. 2022). Three of those four categories apply here.

The specific grounds for this motion are as follows:

---

[1] Plaintiff's identity is known to all Defendants, and Plaintiff has filed his true name under seal with the Court. *See* ECF No. 4.

**First**, Plaintiff, Dr. John Doe, is a person of color who was born in Asia to non-white parents and moved to the US as a child. Complaint (ECF No. 1) at ¶20. He is a citizen of the United States and currently lives and works outside of Maine. *Id.* at ¶10. His complaint alleges in detail how he was frequently humiliated and defamed in his workplace at the Harold Alfond Center for Cancer Care at MaineGeneral Medical Center (MGMC) —despite his stellar medical credentials and professional record—because of his race and his whistleblowing reports opposing and reporting race discrimination and unsafe practices and conditions for patients. *Id.* at ¶¶ 2-9, 21-24, 33-90.

**Second**, this hostile, discriminatory, and retaliatory work environment culminated in a vicious act of character assassination on August 19, 2019, when MGMC abruptly ordered Dr. Doe to stop working immediately and the next day permanently banned him from coming on the hospital premises without a security escort. *Id.* at ¶¶ 7-9, 77-90. This ban was based on a facially bogus report by an MGMC employee that Dr. Doe had threatened her with a pair of scissors on the morning of August 15, 2019. *Id.* at ¶¶ 79-83.[2]

---

[2] The complainant reported concerns based on a brief portion of a workplace conversation when the complainant was admittedly unsure whether Dr. Doe was joking. *Id.* at ¶8. And the complainant reported being alarmed by the "crazy look" in Dr. Doe's eyes—reflecting a long-time negative stereotype about the facial features of Asians—and because "he comes to work with a lot of bags, what are in those bags?" *Id.* at ¶¶ 8, 81-82. The complainant did not report any concerns based on the actual content of the bags Dr. Doe carried, nor did she have any basis to do so. *Id.* ¶¶ 8, 82.

MGMC never interviewed Dr. Doe about these claims or gave him the opportunity to explain what had happened. *Id.* at ¶ 80. The decision to bar him from the hospital effectively took away his hospital medical staff privileges at MGMC in violation of the legally binding rules requiring due process for taking away such privileges. *Id.* at ¶ 7.

As a result of MGMC's abrupt adverse actions against him, Dr. Doe was forced to disappear with no explanation to his patients, MGMC personnel, referring physicians from other practices in Maine, twice-a-week MGMC Tumor Board attendees, colleagues from monthly and quarterly tumor boards of other hospitals in Maine who had relied on his analyses and recommendations for their patients, and to the staff of Jackson Laboratory, located on the premises of MGMC. *Id.* at ¶ 84. Dr. Doe's abrupt departure on August 19, 2020, was particularly damaging to his professional reputation because it had previously been announced that his last day of work would be October 18, 2019. *Id.* at ¶ 85.[3]

**Third**, this case falls within three of the "four general categories of exceptional cases in which party anonymity ordinarily will be warranted."

---

[3]Between August 2019 and December 2022, Dr. Doe lost other advantageous job opportunities because of damage to his professional reputation caused by the circumstances of his abrupt departure from MGMC and bad job references relating to his employment at MGMC. Complaint at ¶ 90.

3

*Doe v. MIT*, 46 F.4th 61, 71 (1st Cir. 2022). The three categories applicable here are:

> (1) Cases in which "a would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)"
>
> (2) "cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated;" and
>
> (3) "suits that are bound up with a prior proceeding made confidential by law."

*Id.*

As the First Circuit has emphasized, "[t]o follow that guidance [provided by the four categories sketched in *Doe v. MIT*], the district court determines whether the case before it fits into one of the four categories. If so, "party anonymity ordinarily will be warranted." *Doe v. Town of Lisbon*, 78 F.4th at 46. Moreover, "it also is possible that a party whose case for pseudonymity appears weak when each category is analyzed separately may nonetheless make a persuasive showing when multiple categories are implicated," and anonymity will be warranted. *Doe v. Town of Lisbon*, 78 F.4th at 46 (quoting *Doe v. MIT*; cleaned up).

**Fourth**, the case most obviously fits within the paradigm in *Doe v. MIT* favoring use of a pseudonym to avoid "deterring the legitimate exercise of the right to seek a peaceful redress of grievances through judicial means." 46 F.4th at 71 (citation omitted; cleaned up). The First Circuit specifically cited as "typical" examples of this category "are cases in which a potential party may be implicated in illegal conduct, thereby risking criminal prosecution, and those in which the injury litigated against would be incurred as a result of the disclosure of the party's identity." *Id.* (citations omitted; cleaned up). Here Plaintiff was effectively fired based on an allegation of criminal conduct and the key injury he is alleging is the injury to his professional reputation, which would be caused by the public disclosure of his identity as the plaintiff in this case. Given the strong public interest at stake regarding Plaintiff's claims of race discrimination and unsafe practices and conditions by the third largest hospital in Maine, a pseudonym is further justified because "the public has a substantial interest in ensuring that those who would seek justice in its courts are not scared off by the specter of destructive exposure." *Id.* at 66.[4]

---

[4] For similar reasons, this case fits into the category of cases in which the plaintiff "reasonably fears that coming out of the shadows will cause him unusually severe harm" to his professional reputation and thus his ability to practice medicine. *Id.* In any event, a "reasonable fear of severe harm is not "a sine qua non for allowing

**Fifth**, Dr. Doe's use of a pseudonym here is also warranted because the de facto termination of his medical staff privileges was required to follow confidential procedures mandated by Maine law, and thus this case falls into the category of "suits that are bound up with a prior proceeding made confidential by law." *Id.*; *see also* 24 M.R.S. § 2510-A (mandating confidentiality of all professional review records); 32 M.R.S. §3296 (mandating confidentiality of proceedings of medical staff reviews)

**Sixth**, Dr. Doe had to file suit when he did because of statute of limitations but he is currently pursuing possible early settlement efforts and does not have to effect service of his complaint until September 18, 2024. An early settlement would be more likely if Plaintiff is allowed to use a pseudonym at least until Defendants files their Answers. The very early stage of this action weighs in favor of allowing the use of a pseudonym temporarily. *See Doe v. MIT*, 46 F.4th at 73 ("District courts must be mindful that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses. Consequently, an order granting pseudonymity should be periodically reevaluated if and when circumstances change.") (citation omitted; cleaned up).

---

plaintiffs to seek Doe status." *Doe v. MIT*, 46 F.4th at 74 (citation omitted; cleaned up).

For these reasons, the Court should grant this motion and approve Plaintiff's use of a pseudonym for his name in this action temporarily until he exhausts efforts at an early settlement and Defendants file their Answers when the appropriateness of the pseudonym can be reevaluated by the Court.

Respectfully submitted,

Date: July 9, 2024

/s/ David G. Webbert
David G. Webbert, 7334
Johnson & Webbert, LLP
1 Bowdoin Mill Island, Ste. 300
Topsham, ME 04086
Tel: (207) 623-5110
E-Mail: dwebbert@work.law

*Attorney for Plaintiff*

## Certificate Of Service

  I hereby certify that on July 9, 2024, I electronically filed this filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

            /s/ David G. Webbert
            David G. Webbert, 7334
            Johnson & Webbert, LLP
            1 Bowdoin Mill Island, Ste. 300
            Topsham, Maine 04086
            Tel:  (207) 623-5110
            E-Mail: dwebbert@work.law

            *Attorney for Plaintiff*