UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JOHN DOE, M.D.,** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   No. 1:24-cv-00220-NT |
| | ) |
| **MAINEGENERAL MEDICAL** | ) |
| **CENTER et al.,** | ) |
| | ) |
| Defendants | ) |

### ORDER ON MOTION TO PROCEED BY PSEUDONYM

John Doe, M.D., alleges that while he was employed at MaineGeneral Medical Center (MGMC) as a radiation oncologist he experienced unlawful discrimination and retaliation because of his race and whistleblower reporting of race discrimination and unsafe practices. *See* Complaint (ECF No. 1). Doe asserts that he was forced to give his notice after experiencing "unfair and unwarranted allegations, reprimands, demands, write-ups, disruptions of procedures, and the general undermining of his authority to do his job." *Id.* ¶¶ 35-36. He further alleges that he was ultimately banned from working at MGMC before his planned resignation date "based on a facially bogus report by an" employee that he "had threatened her with a pair of scissors." *Id.* ¶¶ 78-79. He brings federal and state law employment claims against his joint employers MGMC, Radiation Oncology Associates, P.A., and Glenn A. Healey, M.D. *See id.* ¶¶ 97-114.

Doe filed his complaint under a pseudonym without contemporaneously seeking the Court's permission to do so. Shortly thereafter, I ordered him to submit

1

a motion to proceed pseudonymously, noting that it was not for him "to decide whether a pseudonym is justified." ECF No. 3. He filed that motion and it is now before me. *See* Motion (ECF No. 5).

"[T]here is a strong presumption against the use of pseudonyms in civil litigation." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022) [hereinafter *Doe v. MIT*] (cleaned up). As the First Circuit has noted,

> Lawsuits in federal courts frequently invade customary notions of privacy and—in the bargain—threaten parties' reputations. The allegations are often serious (at least to the parties) and motivated adversaries do not lack for procedural weapons. Facing the court of public opinion under these conditions is sometimes stressful—but that is the nature of adversarial litigation. If commonplace lawsuit-induced distress were enough to justify the use of a pseudonym, anonymity would be the order of the day: Does and Roes would predominate.

*Id.* at 70.

Nevertheless, there are "'exceptional cases' in which pseudonymity should be allowed." *Id.* Such cases generally fall into four categories: "(1) cases in which disclosure of the would-be Doe's identity would cause him unusually severe harm; (2) cases in which identifying the would-be Doe would harm innocent non-parties; (3) cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated; and (4) suits that are bound up with a prior proceeding made confidential by law." *Doe v. Town of Lisbon*, 78 F.4th 38, 46 (1st Cir. 2023) (cleaned up). If a case fits within one or more of these categories, anonymity is usually warranted; otherwise, "the presumption against pseudonymous litigation will prevail." *Id.*

Doe first contends that revealing his identity would cause him unusually severe harm in the form of damage to his professional reputation. *See* Motion at 4, 5 n.4. Although I understand and am sympathetic to Doe's concerns, he has not cited any case where a threat to a litigant's professional reputation was found to constitute a severe enough harm to warrant anonymity, and my own research suggests that "courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests." *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14 Civ. 5601(HBP), 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) (collecting cases); *see also Doe v. MIT*, 46 F.4th at 71 (emphasizing that the severe harm contemplated in this category of cases is "physical or psychological"); *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 412-14, 418 (10th Cir. 1982) (affirming the denial of a plaintiff doctor's motion to proceed under a pseudonym even where his complaint related to "charges of sexual or immoral improprieties" against him and he claimed that the "disclosure of his true identity would cause irreparable and immediate" harm to his reputation and ability to practice medicine). Moreover, Doe purports to have already suffered damage to his professional reputation because of the Defendants' alleged misdeeds, *see* Motion at 3 n.3, so it is not clear to me what further harm he would face if forced to proceed under his real name in this litigation. *Cf. Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) [hereinafter *Anonymous v. Medco*] (affirming the denial of a plaintiff doctor's motion to proceed pseudonymously because his claims of potential harm to his professional reputation if he used his real name were "vague" and "rather speculative in nature").

3

Next, Doe argues that allowing him to proceed anonymously is necessary to avoid discouraging future similarly situated plaintiffs from pursuing their rights in court. *See* Motion at 5. He argues that there is a strong public interest in ensuring that a doctor who is making claims of race discrimination and retaliation for raising concerns about unsafe practices is not scared off by the possibility of destructive exposure. *See id.* But he again fails to offer any caselaw where a plaintiff was permitted to proceed anonymously based on similar concerns, and the issues in his case are not of the highly sensitive sort identified by the First Circuit. *See Doe v. MIT*, 46 F.4th at 71 ("A deterrence concern typically arises *in cases involving intimate issues* such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." (emphasis added) (cleaned up)); *see also Klein v. City of New York*, No. 10 Civ. 9568(LAK)(JLC), 2011 WL 3370402, at *1 (S.D.N.Y. Aug. 3, 2011) ("A plaintiff's use of a pseudonym is not justified by the mere fact that a case involves allegations of discrimination; such a result would require a plaintiff's anonymity in every one of the countless discrimination cases before this Court.").

Doe also raises deterrence concerns regarding the incident when a hospital employee accused him of threatening her with scissors. *See* Motion at 5. He points out that the First Circuit has stated that anonymity can be warranted where a party could be implicated in a crime and thereby risk prosecution. *See id.* (citing *Doe v. MIT*, 46 F.4th at 71). I fail to see how proceeding under his real name in this suit would expose Doe to any greater risk of prosecution than he faced previously,

4

particularly when the incident in question took place five years ago and he does not allege that he has faced any sort of criminal investigation or threat of prosecution. *Cf. Doe v. Gutteridge Jeancharles, M.D., P.A.*, No. 6:24-cv-34-WWB-RMN, 2024 WL 701277, at *2 (M.D. Fla. Feb. 20, 2024) (denying a motion to proceed pseudonymously where the plaintiff argued anonymity was warranted due to his potentially illegal conduct because the plaintiff "failed to cite any case law that advance[d] his position or provide information that indicate[d] any pending criminal prosecution or allegations of forthcoming charges"). Moreover, this sort of concern typically arises where a plaintiff is forced to admit to criminal conduct in bringing a lawsuit, which is not the situation here. *See, e.g.*, *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (noting that the use of a pseudonym could be justified where a party "would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution").

Finally, Doe briefly argues that anonymity is warranted because the "de facto termination of his medical staff privileges was required to follow confidential procedures under Maine law, and thus this case falls into the category of 'suits that are bound up with a prior proceeding made confidential by law.'" Motion at 6 (quoting *Doe v. MIT*, 46 F.4th at 71). But this argument founders because Doe specifically alleges that there were no proceedings leading up to the termination of his privileges, *see* Complaint ¶¶ 7, 11, 98, 103, 109, and there are less extreme methods of protecting any confidential records, *cf. Anonymous v. Medco*, 588 F. App'x at 35 (affirming the denial of a motion to proceed anonymously in part because the sensitive information

at issue could be protected by less extreme means such as sealing and redacting).

At bottom, considering Doe's arguments (separately or together) and the overall circumstances of this case, I conclude that he has not overcome the strong presumption against the use of pseudonyms in civil litigation.[1]  *See Doe v. MIT*, 46 F.4th at 71-72.  Accordingly, Doe's motion is **DENIED** and he is **ORDERED** to file an amended complaint bearing his real name by September 18, 2024, failing which his case will be dismissed without further notice.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: August 28, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[1] Because Doe has not overcome the presumption against the use of pseudonyms, I am not persuaded that he should be allowed to proceed under a pseudonym even temporarily while he explores an early settlement.  *See* Motion at 1, 6.  Moreover, he has had the past two months since filing his complaint under a pseudonym to explore settlement.